(66 Misc. Rep. 157.)

TITLE GUARANTY & SURETY CO. v. CULGIN PACE CONTRACTING CO. et al.

(Supreme Court, Appellate Term. February 18, 1910.)

DISCOVERY (§ 86*)—INSPECTION OF WRITINGS.

Under Code Civ. Proc. §§ 803, 804, providing that in a proper case the defendant may have discovery from his adversary of a book, document, or other paper, in his possession or under his control, relating to the merits of the action or of the defense therein, and also an inspection and copy, or permission to take a copy, defendant was entitled to inspection and a copy of the contract sued on, where the application was made in good faith, though to support a technical defense.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 110–112; Dec. Dig. § 86.*]

Appeal from City Court of New York, Special Term.

Action by the Title Guaranty & Surety Company against the Culgin Pace Contracting Company and others. From an order denying defendants' motion for discovery and inspection, and permission to take copies, of a contract on which the suit was brought, defendants appeal. Reversed. Motion granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Pace, Simpson & Arroyo (Elias B. Goodman, of counsel), for appellants.

Adrian T. Kiernan, for respondent.

PER CURIAM. This is an appeal from an order of the City Court denying a motion made by certain of the defendants for an inspection and leave to copy a contract of indemnity which was given to the plaintiff.

Sections 803 and 804 of the Code of Civil Procedure provide that in a proper case the defendant is entitled to a discovery from his adversary "of a book, document or other paper in his possession or under his control, relating to the merits of the action, or of the defense therein," and also to an "inspection and copy or permission to take a copy." It is not claimed that the appellants herein did not show the materiality and necessity for such inspection and for copying the instrument, and the respondent's attorney states in his brief that "the respondent is not contending that this court has not the power and authority to order a discovery of a document that is the basis of a suit." It objects, however, to the appellants' having a copy, "for it believes that it is only to scheme to devise technical defenses to avoid a fair and honest liability."

The record shows no facts that support the assertion that the appellant is not acting in good faith. Moreover, one of the purposes of the section of the Code is to allow the appellant to obtain information as to the true character of the instrument sued upon, and if it appears from the instrument that there is any defense, even technical, which the law recognizes, he should be given the opportunity to plead such defense. The order must therefore be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted.

SEABURY, J., taking no part.